IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARLAINA WILLIAMS, | CIVIL DIVISION |
| Plaintiff; | Docket No.: |
| vs. | |
| CITY OF PHILADELPHIA, | |
| | COMPLAINT IN CIVIL ACTION |
| Defendant. | Filed on behalf of Plaintiff:<br>MARLAINA WILLIAMS |
| | Counsel of Record for this Party:<br>Steven Auerbach, Esquire<br>Law Office of Steven T. Auerbach<br>822 Montgomery Ave.<br>Suite 210<br>Narberth, PA. 19072<br>Ph: (215) 964-4410<br>Fax: (610) 667-7305<br>Steven@TheAuerbachFirm.com<br>Pa. I.D. #317309 |
| | **JURY TRIAL DEMANDED** |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARLAINA WILLIAMS, </br>                     Plaintiff; </br> </br> vs. </br> </br> CITY OF PHILADELPHIA, </br>                     Defendant. | CIVIL DIVISION </br> </br> Docket No.: |

## I. COMPLAINT IN CIVIL ACTION

Marlaina Williams ("Ms. Williams" or "Plaintiff"), by her attorney, Steven Auerbach, complaining of City of Philadelphia ("Defendant" or "Employer"), alleges:

## II. INTRODUCTION

1. This action is brought to remedy claims of employment discrimination on the basis of sex and religion under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

2. Plaintiff seeks injunctive and declaratory relief, economic, compensatory, and punitive damages, attorneys' fees and all other appropriate relief pursuant to governing law.

## III. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1343(a) (4) because it arises under the laws of the United States and seeks redress for violation of federal laws.

4. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the

standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S, 310 (1945) and its progeny.

5. Pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## IV. PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff Marlaina Williams is an adult female Muslim who resides in Philadelphia, Pennsylvania.

8. At all times relevant to this action, Plaintiff was an "Employee" of the Defendant within the meaning of 42 U.S.C. §2000e-f and related state law(s).

9. Defendant City of Philadelphia is a political subdivision organized under the laws of Pennsylvania with a principal place of business in Philadelphia, Pennsylvania.

10. Defendant was an "Employer" of the Plaintiff within the meaning of 42 U.S.C. §2000e-(b), (g), and (h).

11. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

12. Defendant has and continues to employ over fifteen (15) employees per calendar year for at least the last five (5) years, and Defendant engages in a variety of revenue-generating, business relationships.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff has exhausted her administrative remedies.

15. On June 21, 2017, Plaintiff filed a complaint of hostile work environment and sexual and religious harassment with the Mayor's Office of Labor Relations ("Office of Labor Relations") against her supervisor and agent of Defendant, Sheriff Jewell Williams ("Sheriff Williams").

16. Plaintiff then filed a timely initial charge of employment discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on September 7, 2017 and directed same to cross-file with the Pennsylvania Human Relations Commission ("PHRC").

18. On November 16, 2017, Plaintiff filed an amendment to her EEOC charge.

19. On January 26, 2018, Plaintiff received notice from the Office of Labor Relations announcing in pertinent part, "The investigation **did** sustain, by corroborative evidence, the allegation of hostile work environment based on inappropriate comments by Sheriff Williams that violate the City's EEO & Sexual Harassment Policy." A true and correct copy of this notice is attached hereto as Exhibit 1.

20. Plaintiff received her Right to Sue Notice from the EEOC on February 28, 2018. A true and correct copy of this notice is attached hereto as Exhibit 2.

21. Plaintiff commenced this instant un-amended action within ninety (90) days of receipt of her Right to Sue Notice.

## VI. FACTUAL ALLEGATIONS

22. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

23. In February 19, 2013 and extending through June 19, 2017 (the "Term of Employment"), Plaintiff worked for Defendant in a variety of capacities.

24. During the Term of Employment, Plaintiff was subject to harassing and discriminatory conduct related to sex and religion.

25. With respect to sexual harassment and discrimination, Plaintiff was repeatedly the subject of unwelcomed sexual advances and comments.

26. Sheriff Williams expressed his sexual interest in Plaintiff through many comments including one inquiry as to whether "he had a 'chance' with her."

27. On multiple occasions, Sheriff Williams would summon Plaintiff to his office, steer her into the corner, and attempt to kiss her.

28. On other occasions, Sheriff Williams invited Plaintiff on vacations for the express purpose of a romantic liaison.

29. On or after December 2013, Sheriff Williams became aware that Plaintiff was in a romantic relationship with another Employee, Sgt. Guess. From that point forward, Sheriff Williams expressed his disapproval and jealousy of this relationship in a variety of ways:

   a) I'm jealous that he [Sgt. Guess] gets to go home with you and not me; and

   b) I'm hating on your relationship; and

   c) You should leave him [Sgt. Guess] and be with me; and

   d) How could you work for me and date someone in my office; and

   e) I'm gonna transfer your boyfriend and put him on the overnight shift so y'all can't spend any time together; and

  f) Your son should really be mine and your name should really be Marliana Jewell Williams; and

  g) I haven't had sex in two years, so if I'm not happy no one's gonna be happy.

30. In addition to statements made directly by Sheriff Williams, an atmosphere was purposefully created wherein other employees felt at liberty to discuss intimate details of Plaintiff's relationship.

31. Sheriff Williams' unwelcomed and inappropriate comments directed to Plaintiff were also anti-muslim:

  a) Sgt. Guess must have made you change your religion 'cause you don't wear that stuff any more [Muslim modesty garb]; and

  b) Now that you're not with Sgt. Guess [who is a practicing Christian], I guess you're back to being a Muslim again.

32. As a consequence of her Employer's conduct, Plaintiff suffered a panic attack in June 2016 and has since suffered related health issues as a result of the discrimination and harassment she was forced to endure.

33. As a further consequence of her Employer's offensive conduce, Plaintiff resigned her position on June 19, 2017.

### COUNT I: WILLIAMS V. CITY OF PHILADELPHIA
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### (Sex)

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. In violation of Title VII of the Civil Rights Act of 1964, Defendant discriminated against Plaintiff on the basis of her sex and by failing to protect her from pier/supervisor misconduct.

36. Defendant acted knowingly, willfully, and/or negligently in violation of this Act.

37. Plaintiff has suffered and continues to suffer irreparable mental and physical injury as well as monetary damages as a result of Defendant's discriminatory conduct as described herein.

### COUNT II: WILLIAMS V. CITY OF PHILADELPHIA
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### (Religion)

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. In violation of Title VII of the Civil Rights Act of 1964, Defendant discriminated against Plaintiff on the basis of her religion by failing to protect her from pier/supervisor misconduct.

40. Defendant acted knowingly, willfully, and/or negligently in violation of this Act.

41. Plaintiff has suffered and continues to suffer irreparable mental and physical injury as well as monetary damages as a result of Defendant's discriminatory conduct as described herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter an Order providing:

a. That the Court issue a declaratory judgment that the acts, policies, and practices complained herein are in violation of Title VII; and

b. That the Court enjoin Defendant from continuing its acts, policies, and practices which violate Title VII; and

c. Directing Defendant to reinstate Plaintiff to the position she would have occupied but for Defendant's unlawful conduct, making her whole for all earning she would have received but for Defendant's unlawful conduct, including but not limited to wages, bonuses and other lost benefits; and

d. Directing Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, with interest, in amounts to be determined at trial pursuant; and

e. Directing Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses caused by the above unlawful conduct, including pain and suffering, emotional distress, indignity, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial; and

f. Directing Defendant to pay Plaintiff punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial; and

g. Granting such other relief as the Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FRCP 38(b), Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: 3/28/18

Respectfully Submitted,

By: _____

Steven Auerbach
822 Montgomery Ave.
Suite 210
Narberth, PA. 19072
Ph: (215) 964-4410
Fax: (610) 667-7305

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARLAINA WILLIAMS, <br> Plaintiff, <br><br> vs. <br><br> CITY OF PHILADELPHIA, <br> Defendant. | CIVIL DIVISION <br><br> Docket No.: |

## VERIFICATION

I, Marlaina Williams, hereby state I am the plaintiff in this action, and I verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that false statements made herein are subject to the penalties of 28 U.S.C. §1746 relating to unsworn falsification to authorities.

Dated: 3/28/18

_Marlaina Williams_
MARLAINA WILLIAMS

# Exhibit 1



# City of Philadelphia

**Mayor's Office of Labor Relations**
*Employee Relations Unit*
*1515 Arch Street, 16th Floor*
*Philadelphia, PA 19102-1675*

Monica Marchetti-Brock, Director

January 26, 2018

Ms. Marlaina Williams
5006 N. 12th Street, 1st Floor
Philadelphia, PA 19141

Dear Ms. Williams,

This letter is sent to apprise you of the results of the investigation of your complaint of Hostile Work Environment based on sexual harassment and religion against Sheriff Williams.

A thorough investigation has been conducted into the allegation. The individual you named as a respondent and those you cited as witnesses were interviewed, and each situation was examined.

The result of the investigation is as follows: The investigation did sustain, by corroborative evidence, the allegation of hostile work environment based on inappropriate comments by Sheriff Williams that violate the City's EEO & Sexual Harassment Policy.

The investigation has informed the department of the findings. In addition, the Office of Human Resources has also been informed of the results of the investigation who may take remedial action that they deem appropriate.

We appreciate you bringing this matter to our attention. If you need assistance in the future do not hesitate to contact us.

Sincerely,

*William A. Twardzik*

William A. Twardzik
Deputy Director

# Exhibit 2

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Marlaina Williams<br>5006 N 12th St, 1st Flr<br>Philadelphia, PA 19141 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative<br>Legal Unit, | | Telephone No. |
|---|---|---|---|
| 530-2017-03860 | Legal Technician | | (215) 440-2828 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>**WITHIN 90 DAYS**</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Jamie R. Williamson_  
Jamie R. Williamson,  
District Director

2/26/18  
(Date Mailed)

Enclosures(s)

cc: PHILADELPHIA LAW DEPARTMENT  
Linda Busillo (for Respondent)  
SR Legal Assistant Supervisor  
1515 Arch Street, 16th Floor  
Philadelphia, PA 19102

Steven T. Auerbach, Esq. (for Charging Party)  
LAW OFFICE  
822 Montgomery Ave, Ste 210  
Narberth, PA 19072

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Marlaina Williams

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Office of Steven T. Auerbach
822 Montgomery Ave. Suite 210
Narberth, PA 19072

## DEFENDANTS
City of Philadelphia

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Title VII of the Civil Rights Act of 1964
Brief description of cause:
Employment Discrim. (Sex + Religion)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** $250,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

**DATE** 3/28/18
**SIGNATURE OF ATTORNEY OF RECORD**

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Maclaina Williams : CIVIL ACTION
v. :
City of Philadelphia : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (✓)

3/28/18              Steven Auerbach, Esq.            Plaintiff
Date                 Attorney-at-law                  Attorney for

(215)964-4410        (610)667-7305                   Auerbach.Steven@gmail.com
Telephone            FAX Number                       E-Mail Address

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 5006 N. 12th St, 1st Floor, Philadelphia, PA 19141

Address of Defendant: One Parkway, 14th Floor, 1515 Arch Street, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: Sheriff's Office of Philadelphia
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☑

Does this case involve multidistrict litigation possibilities?   Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Steven Auerbach, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: 3/28/18      Steven Auerbach, Esq.       317309
                   Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/28/18      Steven Auerbach, Esq.       317309
                   Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)